IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH AARON PEREZ, ) | |
|     ID # 1333416, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:20-CV-1173-X-BH |
| ) | |
| LORIE DAVIS, Director, ) | |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 8, 2020 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

I.     **BACKGROUND**

Joseph Aaron Perez (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his original 2006 sentence of deferred adjudication for six years and his subsequent 2013 sentence of 45 years imposed after revocation of his 2006 sentence. (*See* doc. 3 at 2); *see also* https://offender.tdcj.texas.gov/OffenderSearch (last visited July 27, 2020). The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

On February 20, 2006, Petitioner pled guilty to aggravated robbery with a deadly weapon in violation of Texas Penal Code § 29.03 in Cause No. F-05-26451 in the Criminal District Court 3 of Dallas County, Texas. *See State v. Perez*, No. F-05-26451, *Deferred Adjudication Or.* (Crim. Dist. Ct. No. 3), *available at* http://dallascounty.org/services/public-access.php (last visited Aug.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

6, 2020). The state trial court deferred adjudication and placed Petitioner on a six-year period of community supervision. *See id.* Petitioner's community supervision was later revoked for violation of its terms, and he was adjudicated guilty and sentenced to 45 years' imprisonment on June 17, 2013. *See id.*, *Judgment Adjudicating Guilt*. The judgment was affirmed on direct appeal on February 27, 2014. *See Perez v. State*, No. 05-13-01003-CR, 2014 WL 1018406 (Tex. App. – Dallas Feb. 27, 2014, no pet.). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. His state habeas applications, received and deemed filed on March 10, 2020 and March 24, 2020, were denied without a written order on April 15, 2020. *See Ex parte Perez*, No. WR-81, 668-02 (Tex. Crim. App. Apr. 15, 2020); *Ex parte Perez*, No. WR-81, 668-03 (Tex. Crim. App. Apr. 15, 2020); http://search.txcourts.gov (last visited Aug. 6, 2020).

Petitioner now claims that the trial court did not have authority to place him on community supervision for his crime in the first instance, and his sentence of 45 years' imprisonment following revocation of his community supervision was unlawful as a result. (*See* doc. 3 at 4, 6; doc. 4 at 1-3.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because Petitioner did not file a PDR with the Texas Court of Criminal Appeals, his state conviction in Cause No. F-05-26451-M became final for purposes of 2244(d)(1)(A) on the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal on February 27, 2014. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). His conviction became final on Saturday, March 29, 2014, and he would have had until the next business day, Monday, March 31, 2014, to seek further review from the Court of Criminal Appeals. *See* Tex. R. App. P. 4.1. Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier. *See* 28 U.S.C. § 2244(d)(1)(B).

Regarding § 2244(d)(1)(C), Petitioner claims that he was ineligible for his original six-month community supervision placement under former Texas Code of Criminal Procedure §

3

42.12, which prohibited placement on community supervision for certain state felonies, including aggravated robbery. *See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, art. 42.12 (S.B. 107) (amended 1967 to 2015), *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770 (H.B. 2299), § 3.01, eff. Jan. 1, 2017 (recodified without change at Tex. Code Crim. Proc. art. 42A.054). Because his original six-month community supervision placement was unlawful, he contends, the revocation for violating it and the resulting 45-year sentence for the initial crime of aggravated robbery was also unlawful. (*See* docs. 3, 4.) This state statutory provision is not a newly recognized constitutional right made applicable to cases on collateral review for limitations purposes, however, and Petitioner has not indicated the existence of any such right. *See* 28 U.S.C. § 2244(d)(1)(C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, March 30, 2014. Petitioner filed his state habeas petitions and the pending habeas action approximately six years later. His § 2254 motion is therefore untimely in the absence of statutory or equitable tolling.

**A.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas applications in Cause No. F-05-26451-M were received and deemed filed on March 10, 2020 and March 24, 2020. Both applications were filed nearly five

years after his statutory limitations period expired on March 30, 2015. They therefore do not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the petition.

**B.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner argues that the one-year limitations period should not bar his § 2254 petition because he is proceeding *pro se,* and the prison libraries were inadequate and contained

outdated legal materials.  (*See* doc. 3 at 9.)  He claims he had to rely on family and friends to conduct research and provide him with the legal books.  (*See id.*)

The Fifth Circuit has held that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (citing *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000)).  Nor is Petitioner's *pro se* status sufficient to equitably toll the one-year limitations period.  *See, e.g., Webster v. Stephens*, No. 4:13-CV-859-A, 2014 WL 201707, at * 2 (N.D. Tex. Jan. 17, 2014) ("It is well settled . . . that a petitioner's pro se status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period.") (citing *Felder*, 204 F.3d at 171-72; *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999)).  Petitioner has not met his burden to establish circumstances warranting equitable tolling of the statute of limitations.

C. **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar.  A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial.  *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case such as this one. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031 at *3 (N.D. Tex. March 7, 2014) (citing cases). Even if *McQuiggin* applies, Petitioner does not allege that he is actually innocent, and his claims do not present evidence of actual innocence. Accordingly, he cannot overcome the AEDPA's one-year limitations period based on a claim of actual innocence. His § 2254 motion should therefore be denied as untimely.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 8, 2020, should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 11th day of September, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE